IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**ATLASWARE, LLC**                                                                                   **PLAINTIFF**

v.                                       **Case No. 5:16-cv-05063**

**SOCIAL SECURITY ADMINISTRATION**                                        **DEFENDANT**

## OPINION AND ORDER

Before the Court are the Social Security Administration's ("SSA") Motion to Dismiss (Doc. 7) and Brief in Support (Doc. 8), Atlasware, LLC's Response (Doc. 11), and the SSA's Reply (Doc. 18); Atlasware's Motion for Leave to File First Amended Complaint (Doc. 8) and the SSA's Response (Doc. 13); and the SSA's Motion to Stay Discovery (Doc. 14) and Brief in Support (Doc. 15). For the reasons stated herein, the Court **GRANTS** the SSA's Motion to Dismiss (Doc. 7) and **DENIES** Atlasware's Motion for Leave (Doc. 12). The SSA's Motion to Stay Discovery (Doc. 14) is **MOOT**. Atlasware's case is **DISMISSED**.

### I. DISCUSSION

On November 6, 2013, an attorney named Ed Goldner sent a Freedom of Information Act ("FOIA") request to the SSA seeking certain identifying information about "all attorneys who are currently representing clients in ongoing social security disability claims" and "all non-attorney representatives who are currently representing clients in ongoing social security disability claims that are not eligible for direct payment." (Doc. 1-1). The request was typed on letterhead for "The Law Offices of Ed Goldner, P.C." *Id.* On June 12, 2014, the SSA provided Mr. Goldner with 1,221 pages of responsive records, but withheld some requested information pursuant to FOIA

1

Exemption 6. (Doc. 1-2, p. 1); 5 U.S.C. § 552(b)(6) (providing an exemption to disclosure for "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy"). Mr. Goldner, again on his law office's letterhead, sent a letter of appeal on June 13, 2014, arguing that the SSA erred in relying on Exemption 6 to justify withholding certain information. (Doc. 1-3). On September 24, 2014, the SSA replied to Mr. Goldner's appeal by releasing a portion of the previously withheld information. (Doc. 1-4). For some time between that date and the filing of the instant suit, Mr. Goldner apparently availed himself of the Office of Government Information Services' ("OGIS") mediation services, as was suggested by the SSA's letter responding to his appeal. *Id.* at 2. During this process, on September 4, 2015, Mr. Goldner sent an email to an OGIS mediator that declared, in pertinent part, "[m]y client, Atlasware, LLC, has been waiting for this information for years." (Docs. 11, p. 3; 11-1, p. 2).

Atlasware filed the instant suit on March 15, 2016, seeking the Court's declaration that the SSA failed to comply with the FOIA. (Doc. 1). The SSA responded by filing a Motion to Dismiss on May 13, 2016. The Motion argues that the Court lacks subject-matter jurisdiction because Atlasware does not have standing to sue, and because venue in the Western District of Arkansas is improper. In response, Atlasware argues that Mr. Goldner's September 4, 2015 identification of it as his client suffices to confer standing, and alternatively seeks leave to add Mr. Goldner as a plaintiff. Atlasware also insists that venue in this Court is proper, but again in the alternative, asks the Court to transfer the case to the Western District of Texas if it is not.

The Court must begin by determining whether Atlasware has standing to sue. Article III of the Constitution limits the jurisdiction of federal courts to "cases" and "controversies." U.S. Const. Art. III, § 2; *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559 (1992). "[T]he core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III," and so without it, federal courts lack subject-matter jurisdiction. *Id.* at 560; *Iowa League of Cities v. E.P.A.*, 711 F.3d 844, 869 (8th Cir. 2013) ("If a litigant lacks Article III standing to bring his claim, then we have no subject matter jurisdiction over the suit.").

The SSA contends that Atlasware lacks standing because it did not make the FOIA request described in the Complaint. Indeed, Atlasware is not referenced in Mr. Goldner's November 6, 2013 letter requesting documents, (Doc. 1-1), nor is it referenced in Mr. Goldner's June 13, 2014 letter of appeal, (Doc. 1-3). "[A] person whose name does not appear on a request for records has not made a formal request for documents within the meaning of [the FOIA]." *McDonnell v. United States*, 4 F.3d 1227, 1237-38 (3rd Cir. 1993). Such a person "may not sue in district court when the agency refuses to release requested documents because he has not administratively asserted a right to receive them in the first place." *Id.* at 1237. This principle applies equally when an attorney later purports to have been requesting documents on behalf of a client whom he did not disclose at the time of the request. *See Unigard Ins. Co. v. Dep't of Treasury*, 997 F. Supp. 1339 (S.D. Cal. 1997). Furthermore, at least one federal court has found that an attorney's mere mention of a client does not suffice to later confer standing upon the client. *See Three Forks Ranch Corp. v. Bureau of Land*

3

*Mgmt., Little Snake Field Office*, 358 F. Supp. 2d 1 (D.D.C. 2005). Instead, an attorney must specifically state that he is requesting documents "on behalf of" a client. *Id.* at 3.

Atlasware acknowledges the principle articulated in the aforementioned cases, but argues that Mr. Goldner's September 4, 2015 email distinguishes this case from those. That contention can easily be dismissed. The email states that "[m]y client, Atlasware, LLC, has been waiting for this information for years." (Doc. 11-1, p. 2). However, Mr. Goldner did not send the email to employees of the SSA, *see* Doc. 18-1; rather, he addressed the email to employees of OGIS. (Docs. 11, p. 3; 11-1). Even if the email were addressed to SSA employees, moreover, it would not suffice to confer standing. Mr. Goldner sent the email after he had already filed his initial FOIA request and appealed the partial denial of that request. Thus irrespective of the passing mention of Atlasware in Mr. Goldner's *ex post facto* email, it was Mr. Goldner, not Atlasware, who made the "request for information under the FOIA" and it was Mr. Goldner's, not Atlasware's, request that "the petitioned agency denie[d]." *McDonnell*, 4 F.3d at 1238 (citing *United States v. Richardson*, 418 U.S. 166, 171 (1974)). Mr. Goldner's "name alone appears on the requests for records submitted to the" SSA, and "[h]e alone pursued the administrative appeal[] of [the SSA's] decision[] not to release the requested information, the exhaustion of which [is] a prerequisite to [the Court's] exercise of subject matter jurisdiction." *Id.* So, Mr. Goldner alone "has standing to pursue this case." *Id.*

In order to address this jurisdictional defect, Atlasware seeks leave to file an amended complaint which adds Mr. Goldner as a plaintiff. *See* Doc. 12-1. 28 U.S.C. § 1653 instructs that "[d]efective allegations of jurisdiction may be amended, upon

4

terms, in the trial or appellate courts." The Supreme Court discussed § 1653 in *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826 (1989), and it is fair to say the Court interpreted the statute narrowly. Section 1653 "speaks of amending '*allegations* of jurisdiction,' which suggests that it addresses only incorrect statements about jurisdiction that actually exists, and not defects in the jurisdictional facts themselves." *Id.* at 831 (emphasis in original). For this reason, the *Newman-Green* Court held that § 1653 could not be used to amend a complaint "to drop a nondiverse party in order to preserve statutory jurisdiction." *Id.* The Eighth Circuit has interpreted § 1653 in an identical manner in the specific context of standing. In *Iron Cloud v. Sullivan*, 984 F.2d 241 (8th Cir. 1993), the plaintiffs, who all lacked standing, moved to amend their complaint to add a plaintiff who would have had standing. *Id.* at 243-44. The Eighth Circuit denied the motion, holding "that § 1653 is not appropriately invoked to amend the complaint to add plaintiffs with standing . . . ." *Id.* at 243.

In light of these interpretations, the Court must deny Atlasware's Motion for Leave to File (Doc. 12). Atlasware seeks leave not to cure a defective allegation of jurisdiction, but instead to cure a defect in the jurisdictional facts themselves; namely, to create subject-matter jurisdiction where none otherwise exists by adding a plaintiff with standing. As this Motion has now been denied, the Court must dismiss this case because it lacks subject-matter jurisdiction. Mr. Goldner may file a subsequent suit, naming himself as the plaintiff, should he choose.

The Court writes on to explain why it believes venue in the Western District of Arkansas would likely be improper should Mr. Goldner choose to file a subsequent suit in this Court. It does so to preserve the resources of the judiciary and the parties, not to

conclusively decide the issue.[1] Thus, what follows should not be interpreted by the parties as binding the Court should Mr. Goldner nonetheless decide to file a subsequent suit in this district.

Venue for actions brought under the FOIA lies within the district (i) in which the complainant resides, or (ii) has his principal place of business, or (ii) in which the agency records are situated, or (iv) in the District of Columbia. *See* 5 U.S.C. § 552(a)(4)(B). Mr. Goldner resides in the Western District of Texas, (Doc. 11, p. 6), which is also where his principal place of business is located, *see* Doc. 1-1.[2] This Court is obviously not within the District of Columbia, so Atlasware's Response Brief argued that the agency records are "situated" in the Western District of Arkansas. It reasoned that the records are "situated" in this district because (a) the SSA has an office here, and (b) due to the advent of "cloud computing," the requested records are equally accessible anywhere, including from the SSA office in this district. (Doc. 11, p. 5).

The problem of evaluating where information available on the internet is situated for jurisdictional—or in this case, venue—purposes is generally a familiar one. *See Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119 (W.D. Pa. 1997). And, this Court recognizes that ongoing technological advances affecting how such information is stored and accessed require courts to continuously fine-tune the process for making

---

[1] Perhaps for similar reasons, the *Unigard* Court also went on to note that venue in its district was improper after it first found that it lacked subject-matter jurisdiction. *Unigard Ins. Co.*, 997 F. Supp. at 1342.

[2] For what it's worth, Atlasware's principal place of business is in that district as well. (Doc. 1, p. 1).

6

that evaluation.[3] But, the Court has grave doubts about whether Atlasware's conception of § 522(a)(4)(B)'s "situated" clause can be reconciled with the text and purpose of that statute.

5 U.S.C. § 552(a)(4)(B) was added to the FOIA in 1974, see Pub. L. No. 93–502, 88 Stat. 1561 (Nov. 21, 1974), long before even the wisest members of Congress could have contemplated the advent of cloud computing. The relevant part of the section was undoubtedly included to inform courts and litigants where causes of action under the FOIA could be brought. Its audience at the time, moreover, would have understood it to offer a limited number of venues from which to choose: where the plaintiff was located, where the boxes of papers were, or the District of Columbia. 5 U.S.C. § 552(a)(4)(B). Advancing Atlasware's conception of where electronically stored agency records are "situated" would completely defeat this statutory role.

Many federal agencies have offices across the country, in nearly every judicial district in the United States. The SSA, for example, has over 1,400 offices. See https://www.ssa.gov/agency (visited June 23, 2016). The United States Department of Agriculture lists service centers in all 50 states, the District of Columbia, and eight territories. See http://offices.sc.egov.usda.gov/locator/app (visited June 23, 2016). The

---

[3] This Court, for example, recently had occasion to remark on "the difficulty in considering the Zippo test in the context of the modern internet." Sioux Transp., Inc. v. XPO Logistics, Inc., 2015 WL 9412930, at *6 (W.D. Ark. Dec. 22, 2015). "Cloud computing has eliminated the need for downloading files in many situations, location-based technology has made online interactions that formerly existed only in cyberspace more closely tied to specific geographic locations, and the level of user interaction with websites has exploded with social media." Id. These developments "call[] into question the modern usefulness of the Zippo test's simplistic tri-parte framework: The transmission of computer files over the internet is perhaps no longer an accurate measurement of a website's contact to a forum state." Id.

Internal Revenue Service has Taxpayer Assistant Centers in 48 states, Puerto Rico, and the District of Columbia. *See* https://www.irs.gov/uac/tac-locations-where-in-person-document-verification-is-provided (visited June 23, 2016). Adopting Atlasware's construction in light of this fact would transform § 552(a)(4)(B) from a provision instructing courts and litigants that their FOIA venue options are limited, to one that opens the doors to nearly every district court in the country. Moreover, it would render § 552(a)(4)(B)'s other three venue clauses—the residency, place of business, and District of Columbia clauses—largely superfluous.

For these reasons, the Court believes that venue in the Western District of Arkansas would have been improper in the instant case, and accordingly would likely be improper should Mr. Goldner choose to file a subsequent suit here.

## II. CONCLUSION

For the reasons stated herein, the Court **GRANTS** the SSA's Motion to Dismiss (Doc. 7) and **DENIES** Atlasware's Motion for Leave (Doc. 12). The SSA's Motion to Stay Discovery (Doc. 14) is **MOOT**. Atlasware's case is **DISMISSED**.

**IT IS SO ORDERED** on this 7th day of July, 2016.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

8